UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAZEM MAJD,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Facility,<br><br>Respondents. | Case No.: 26-cv-0245-JES-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Kazem Majd's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") and Motion for a Temporary Restraining Order ("TRO"). ECF Nos. 1 ("Pet."), 2. Both the petition and the motion for TRO were filed on January 15, 2026. *Id.* Respondents filed their response on January 21, 2026 (ECF No. 6), and Petitioner filed his Traverse the same day (ECF No. 7). For the reasons set forth below, the Court **GRANTS** the petition on due process and regulatory grounds regarding the revocation of Petitioner's release.

## I.   BACKGROUND

Petitioner is a non-citizen who was born in Iran and has lived in the United States since 1966. Pet. at 6; ECF No. 6 at 2. Petitioner entered on a student visa, and obtained Lawful Permanent Resident status in 1974. *Id.*

1

Petitioner lost his Lawful Permanent Resident status due to a criminal conviction in 1999.[1] On July 26, 2004, while in ICE custody, Petitioner was ordered removed to Iran. Pet. at 6; ECF No. 6 at 3. On October 26, 2004, Respondents state that Petitioner was released from ICE custody on an Order of Supervision. ECF No. 6 at 3. Petitioner states that he filed a motion to reopen his removal matter which was denied in August 2004. Pet. at 6. Respondents state that Petitioner was again taken into ICE custody following a criminal sentence on February 15, 2013, and released on an Order of Supervision that same day. ECF No. 6 at 3.

On December 11, 2025, Petition was re-detained by ICE. Pet. at 1. Petitioner was given a letter notice at the time of his re-detention. ECF No. 6-2 at 2. Respondents state that Petitioner was provided an informal interview, and provided a sheet signed by an interviewing officer stating Petitioner did not make statements or provide documents. ECF Nos. 6-1 ¶ 24; 6-2 at 4. However, Petitioner denies that he was provided an interview, and states that he was prepared for such an interview with documents and statements to be made. ECF No. 7 at 2.

Respondents state that they are attempting to effectuate Petitioner's outstanding removal order to Iran. ECF No. 6-1 ¶ 24. Petitioner states that he is not removable to Iran because he does not have an Iranian birth certificate due to the change in regimes since his birth. ECF No. 7 at 8. Petitioner states that he has been told that a travel document will not be issued by a specific individual at the Iran Interests Section, who said she would explain this to ICE. *Id.* at 20. However, Respondents state they have no information about any barriers to the issuance of a travel document to Iran and believe that they can effectuate Petitioner's removal. ECF No. 6-1 ¶¶ 24-32.

//

//

---

[1] Respondents state that Petitioner was charged with removability due to an aggravated felony conviction in 1999. ECF No. 6 at 2. Petitioner states that he was placed in removal proceedings around 2002. Pet. at 9. In the Traverse, Petitioner states that counsel was not able to verify the extent and nature of Petitioner's criminal conduct alleged in the response. ECF No. 7 at 1.

26-cv-0245-JES-BLM

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

Petitioner brings four claims to argue that he should be released from detention: (1) that his health conditions constitute a medical emergency justifying release; (2) that the 90 day removal period has passed; (3) that Respondents are detaining him without a significant likelihood of removing him to Iran, in violation of *Zadvydas* and the Due Process Clause; and (4) that ICE failed to provide notice and opportunity to be heard in re-detaining him, in violation of the Due Process Clause and its own regulations. Because the Court finds below that Claim 4 is meritorious and justifies Petitioner's release, the Court will only address this claim in this Order.

When the government grants a noncitizen parole or supervised release, it creates a protected liberty interest subject to due process clause protection. *See Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629 (S.D. Cal. Sept. 26, 2025). These protections include at least notice and an opportunity to be heard regarding the revocation. *Id.*; *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that 'a person in jeopardy of a serious loss [be given] notice of the case against

26-cv-0245-JES-BLM

him and the opportunity to meet it."). In *Saengphet v. Noem*, this Court ruled that notices revoking protected liberty interests are constitutionally inadequate when they lack individualized explanations of the changed circumstances giving rise to revocation. No. 3:25-CV-2909-JES-BLM, 2025 WL 3240808, at *5 (S.D. Cal. Nov. 20, 2025). Constitutionally inadequate notice also often leads a to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient. *See Sanchez*, 2025 WL 2770629 at *3; *Ying Fong v. Ashcroft*, 317 F. Supp. 2d 398, 403 (S.D.N.Y. 2004) ("The opportunity to be heard must be meaningful, that is, an opportunity granted at a meaningful time and in a meaningful manner."). A detainee's opportunity to be heard is not meaningful if the detainee has not been informed of the circumstances of his revoked release in a manner sufficient to allow his response. *Sarail A. v. Bondi*, No. 25-CV-2144-ECT-JFD, 2025 WL 2533673, at *10 (D. Minn. Sept. 3, 2025).

Just as the Constitution requires adequate notice and opportunity to be heard prior to the revocation of a protected liberty interest, so too do Respondent's own regulations governing such revocation. *See Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-CV-2111-JES-DEB, 2025 WL 2988356 (S.D. Cal. Oct. 23, 2025); *Nguyen v. Noem,* No. 25-CV-3062-JES-VET, 2025 WL 3251374, at *3 (S.D. Cal. Nov. 21, 2025). Supervised release and any revocation of such release thereafter is governed by either 8 C.F.R. § 241.4 or 8 C.F.R. § 241.13. *Diaz v. Wofford*, No. 1:25-CV-01079 JLT EPG, 2025 WL 2581575, at *4 (E.D. Cal. Sept. 5, 2025). As this Court analyzed in *Bui* and *Ngyuen*, both statutes require adequate notice of the reasons for the revocation of release and a prompt initial informal interview to afford the alien an opportunity to respond to the reasons given in the notice. *Nguyen*, 2025 WL 3251374, at *3. Conclusory assertions that a detainee can be removed from the United States are insufficient to meet the notice and opportunity to be heard requirements of the U.S. Constitution and the governing regulations promulgated by Respondents' agencies. *Id.*; *Sanchez*, 2025 WL 2770629, at *3; *Saengphet*, 2025 WL 3240808, at *5.

Here, Petitioner was given a Notice of Revocation of Release dated December 11, 2025, which contained the following language:

> This letter is to inform you that your case has been reviewed and it has been determined that you will be kept in the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your immigration and criminal history.

> Based on the above, and pursuant to 8 CFR 241.4, you are to remain in ICE custody at this time.

ECF No. 6-2 at 2. This language is substantially similar, if not identical, to language from other notices that this Court and courts in this Circuit have held to be insufficient. *See Bui*, 2025 WL 2988356 at *4 (holding that identical language was insufficient to provide notice); *Nguyen*, 2025 WL 3251374, at *3 (S.D. Cal. Nov. 21, 2025) (finding notice informing detainee that he could be expeditiously removed insufficient); *Saengphet*, 2025 WL 3240808, at *7 (S.D. Cal. Nov. 20, 2025) (finding similar language in notice to be too "conclusory" to provide adequate notice); *McSweeney v. Warden of Otay Mesa Det. Facility*, No. 3:25-CV-02488-RBM-DEB, 2025 WL 2998376, at *5 (S.D. Cal. Oct. 24, 2025) (holding that language in notice stating that "ICE has determined that you can be expeditiously removed from the United States pursuant to an outstanding order of removal" was "conclusory and unclear" and failed to provide adequate notice of the basis of the revocation decision); *J.L.R.P., v. Wofford et al.*, No. 1:25-CV-01464-KES-SKO (HC), 2025 WL 3190589, at *7 (E.D. Cal. Nov. 14, 2025) (holding that same language in the notice of revocation of release "did not provide any specific changed circumstance applicable to petitioner"). The notice is thus inadequate under both the U.S. Constitution and Respondents' regulations.

As to the informal interview, the parties contest whether such an interview occurred. *See* Pet. at 10; ECF Nos. 6-1 ¶ 24; 6-2 at 4. Based on the conclusory nature of the notice of revocation and lack of apparent individualized findings, the Court declines to assume that an interview occurred which met the requirement of the constitution and Respondents' own regulations. *See Sanchez* 2025 WL 2770629, at *4 (S.D. Cal. Sept. 26, 2025) (declining to

26-cv-0245-JES-BLM

presume constitutionality of interview considering lack of enumerated changed circumstances in case).

Because Respondents did not meet their obligations to revoke Petitioner's supervised release under the Due Process Clause and their own regulations, the Court **GRANTS** the petition on these grounds.

### IV.   CONCLUSION

For the reasons stated above, Petitioner's Writ of Habeas Corpus is **GRANTED** on statutory and due process grounds regarding the means of revocation of his release. Because the requested release available on habeas is granted, Petitioner's remaining claims and his motion for a TRO are **DENIED** as moot. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to his prior conditions of release. The Parties are **ORDERED** to file a Joint Status Report no later than **5:00 p.m.** on **January 23, 2026**, confirming that the Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: January 22, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

26-cv-0245-JES-BLM